IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JUAN G. FRANCO-MONSERRATE,

                Petitioner,

v.                                      CASE NO. 22-3177-JWL-JPO

STATE OF KANSAS,

                Respondent.

**NOTICE AND ORDER TO SHOW CAUSE**

This matter is a petition for writ of habeas corpus filed by Petitioner Juan G. Franco-Monserrate on August 23, 2022, on the court-approved form for petitions brought under 28 U.S.C. § 2241. Petitioner has also filed a motion to appoint counsel (Doc. 2), which the Court will deny without prejudice for the reasons explained below. The Court has reviewed the petition and finds that some of the asserted grounds for relief are more appropriately brought under 28 U.S.C. § 2254. It also appears, however, that the petition is subject to dismissal without prejudice whether considered under § 2241 or § 2254 since Petitioner has not yet exhausted all available state-court remedies. Therefore, the Court will direct Petitioner to show cause why this matter should not be dismissed without prejudice to refiling after he exhausts his claims in state court.

**Background**

In September 2016, a jury in Shawnee County, Kansas convicted Petitioner of two counts of aggravated indecent liberties with a child. *See* Online Records of Shawnee County District Court, Case No. 2015-CR-001538; *see also State v. Franco-Monserrate*, 2019 WL 1087142, *1 (Kan. Ct. App. 2019) (unpublished), *rev. denied* Dec. 6, 2019. In July 2017, he was sentenced to two

concurrent sentences of life in prison with no chance of parole for 25 years. *Id.* at *2; Online Records of Shawnee County District Court, Case No. 2015-CR-001538. Petitioner pursued a direct appeal, but on March 8, 2019, the Kansas Court of Appeals (KCOA) affirmed. The Kansas Supreme Court (KSC) denied Petitioner's petition for review on December 6, 2019.

In October 2020, Petitioner filed a state habeas action under K.S.A. 60-1507. *See* Online Records of Shawnee County District Court, Case No. 2020-CV-000513. The state district court denied relief and Petitioner appealed to the KCOA. *Id.* The case was set on the KCOA's August 2022 docket and the KCOA has not yet issued its decision. *See* Online Records of the Clerk of the Appellate Courts of Kansas, Case No. 123,861.

In August 2022, Petitioner filed with this Court a petition for federal habeas relief on the court-approved form for petitions under 28 U.S.C. § 2241. Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court must review a habeas petition upon filing and dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254; *see also* Rule 1(b) (allowing the Court to apply the Rules Governing § 2254 Cases to a habeas corpus petition filed under § 2241). Because Petitioner is proceeding pro se, the Court liberally construes the petition and attached exhibits, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

Even liberally construing the petition and exhibits, it is unclear whether Petitioner intends to challenge his convictions, the execution of his sentences, or both. On pages one and two of the petition, Petitioner checked the boxes indicating that he is challenging "[h]ow [his] sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)"; "pretrial detention"; "[t]he validity of [his] conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under

the sentencing guidelines"; and "Other," which he explains as "Court and Defense Counsel Failure To given me at interpreter During Preliminary Hearing to - Trial and Sentencing [*sic*]." (Doc. 1, p. 1-2.) On page two of the petition, when asked about the "[d]ecision or action you are challenging," Petitioner alleges that his sentences were miscalculated and he is seeking good time credits, but he also asserts that he was not advised of a plea offer and that he was not provided with an interpreter. *Id.* at 2. Petitioner advises the Court that he cannot write or speak English and his petition has been filled out and filed with the assistance of other inmates. *Id.* at 3.

As Ground One for relief, Petitioner alleges that his right to an interpreter was violated when he was not provided with an interpreter during his state-court proceedings. *Id.* at 6-7. Liberally construing Ground Two, Petitioner alleges ineffective assistance by trial counsel for failure to impeach the victim and her mother at trial by bringing in their preliminary hearing testimony that recanted their accusations against Petitioner. *Id.* at 6. As Ground Three, Petitioner alleges ineffective assistance of trial counsel for failure to communicate to Petitioner a plea agreement the State proposed. *Id.* As Ground Four, Petitioner alleges the violation of his speedy trial rights and that a violation of his due process rights occurred when a State witness was allowed to be in the courtroom during the testimony of another State witness despite a sequestration order. *Id.* at 7.

In addition to the form petition, Petitioner submitted a handwritten document, not on a court-approved form, entitled "Petition for a Writ of Habeas Corpus under = 28 U.S.C. 2241 (By Rule 183) [*sic*]." (Doc. 1-1.) This document appears to supplement the arguments made in the form petition, although it assigns different numbers to the grounds for relief.[1] It also articulates an additional ground for relief not in the form petition--that the state district court erred in sentencing Petitioner--and seeks "[r]eduction of sentences with good-time" or an order imposing a downward

---

[1] For example, in the form petition, Petitioner asserts four grounds for relief and Ground Two alleges the ineffective assistance of counsel. (Doc. 1, p. 6-7.) But in the handwritten attachments, Petitioner identifies six grounds for relief and Ground Two alleges the violation of Petitioner's right to a speedy trial. (Doc. 1-1, p. 6.)

departure sentence. *Id.* at 2, 13.

**Analysis**

The lack of clarity regarding the type of challenge Petitioner seeks to bring is problematic because the two federal statutes under which a state prisoner may seek federal habeas relief address different types of claims. The first, 28 U.S.C. § 2241, "'[is] used to attack the execution of a sentence . . . ." *Sandusky v. Goetz*, 944 F.3d 1240, 1246 (10th Cir. 2019); *see also Mayes v. Dowling*, 780 Fed. Appx. 599, 601 (10th Cir. 2019) (unpublished) ("In this circuit, a state prisoner may challenge the *execution* of his state sentence via a § 2241 petition."). In other words, a petition properly brought under § 2241 challenges "the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997). Thus, to the extent that Petitioner seeks good-time credits or otherwise attacks the execution of his sentences, he rightly seeks habeas relief under § 2241.

But most of the arguments in the petition and attachments attack the validity of Petitioner's *convictions* by alleging that constitutional violations occurred during trial proceedings, such as his assertion that he received ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution. The appropriate avenue for a person in custody pursuant to the judgment of a State court to assert in federal court that he "is in custody in violation of the Constitution or laws or treaties of the United States" is 28 U.S.C. § 2254. Thus, it appears that Petitioner also may seek habeas relief available under § 2254. A state prisoner may not raise both § 2241 claims and § 2254 claims in a single federal habeas petition. Instead, Petitioner must use one court-approved form to begin a federal habeas action under § 2241 and use a different court-approved form to begin a separate federal habeas action under § 2254.

In any event, the Court need not resolve at this time whether this matter should proceed under § 2241 or § 2254 because "'[a] threshold question that must be addressed in every habeas

4

case is that of exhaustion.'" *See Fontenot v. Crow*, 4 F.4th 982, 1018 (10th Cir. 2021) (quoting *Harris v. Champion*, 15 F.3d 1538, 1544 (10th Cir. 1994). "A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (citing *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); and *Williams v. O'Brien*, 7902 F.2d 986, 987 (10th Cir. 1986)). The exhaustion requirement exists to "give state courts a fair opportunity to act on [the state prisoner's] claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)). To satisfy the exhaustion requirement, Petitioner must have presented the very issues raised in the federal habeas petition to the KCOA and the KCOA must have denied relief. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971); Kansas Supreme Court Rule 8.03B(a). Petitioner bears the burden to show he has exhausted available state remedies. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see also Parkhurst v. Pacheco*, 809 Fed. Appx. 556, 557 (10th Cir. 2020).

The sole issue in Petitioner's direct appeal was whether "the trial court erred when it denied [Petitioner's] motion for a new trial." *Franco-Monserrate*, 2019 WL 1087142, at *2. The current federal habeas petition, even liberally construed, does not assert that the denial of a motion for new trial violated Petitioner's constitutional rights, so none of the claims in the current federal habeas petition were exhausted in the direct appeal. As Petitioner acknowledges, his appeal from the denial of his K.S.A. 60-1507 motion is pending in the KCOA. (*See* Doc. 1, p. 4-5.) Petitioner advises that the issues raised in that proceeding included (1) the failure to provide an interpreter, (2) trial counsel's failure to communicate the plea agreement offer, (3) a speedy trial violation, (4) the denial of a motion to appoint counsel, and (4) the victim and her mother recanting their accusations. (Doc. 1, p. 5.) Thus, at least some of the issues raised in the current federal habeas matter are pending before the KCOA at this time and are therefore unexhausted.

Moreover, it appears that state-court avenues remain available for Petitioner to exhaust his claims that involve sentencing errors and the award of good-time credit, even beyond his pending K.S.A. 60-1507 proceeding. Kansas state courts are authorized by K.S.A. 22-3504(a) to "correct an illegal sentence at any time while the defendant is serving such sentence, " and subsection (c) of the same statute defines "illegal sentence." This Court offers no opinion on the potential for success in state court of a motion to correct illegal sentence filed pursuant to K.S.A. 22-3504. But to the extent that Petitioner's arguments assert circumstances that fall within the definition of illegal sentences, he may be able to seek relief in the state courts pursuant to that statute.

"Generally, a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies." *Grant v. Royal*, 886 F.3d 874, 891-92 (10th Cir. 2018) (internal citations and quotation marks omitted). The Court can excuse a lack of exhaustion "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *See Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *see also* 28 U.S.C. § 2254(b)(1); *Bland v. Simmons*, 459 F.3d 999, 1011 (10th Cir. 2006). In addition, the Tenth Circuit has held that "exhaustion of state remedies is not required where the state's highest court has recently decided the precise legal issue that petitioner seeks to raise on his federal habeas petition. In such a case, resort to state judicial remedies would be futile." *See Goodwin v. Oklahoma*, 923 F.2d 156, 157 (10th Cir. 1991). The information before the Court does not establish that Petitioner lacks the opportunity to obtain redress in state court, that the corrective process is so deficient that it renders futile Petitioner's efforts to obtain relief in state court, or that the KSC recently decided the legal issues Petitioner seeks to raise here.

Accordingly, it appears that the Court should dismiss this matter without prejudice so that Petitioner may exhaust the remedies available to him in the state courts before pursuing federal habeas relief. Petitioner is therefore directed to show cause, in writing, why this matter should not

be dismissed without prejudice for failure to exhaust available state-court remedies. The failure to file a timely response will result in this matter being dismissed without further prior notice to Petitioner.

**Motion to Appoint Counsel (Doc. 2)**

Also before the Court is Petitioner's motion to appoint counsel (Doc. 2), in which he asserts that he is in segregation housing at the prison so has no access to a telephone to retain counsel. *Id.* at 2. Petitioner has no constitutional right to counsel in a federal habeas corpus action. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Rather, the decision whether to appoint counsel rests in the Court's discretion. *Swazo v. Wy. Dept. of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994). The Court may appoint counsel if it "determines that the interest of justice so require." 18 U.S.C. § 3006A(a)(2)(B). When deciding whether to appoint counsel, the Court must consider "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 451 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill.*, 393 F.3d at 1115).

At this stage in the proceedings, the Court concludes that it is not in the interest of justice to appoint counsel. It is not enough to assert that appointing counsel will help present the "strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks*, 57 F.3d at 979). Moreover, as explained above, this matter appears to be subject to dismissal without prejudice for failure to exhaust state-court remedies. Accordingly, the Court will deny the motion to appoint counsel. If this matter survives initial screening, Petitioner may refile his motion for appointment of counsel.

**Conclusion**

The petition currently before the Court asserts grounds for relief properly brought under 28 U.S.C. § 2241 and grounds for relief more properly brought under 28 U.S.C. § 2254. Under both statutes, however, a state prisoner must exhaust available state-court remedies before seeking federal habeas relief. The information currently before this Court indicates that none of the claims in the current petition have been exhausted, leaving this matter subject to dismissal without prejudice. Therefore, the Court will direct Petitioner to show cause why his petition should not be dismissed without prejudice for failure to exhaust state-court remedies. If Petitioner successfully does so, the Court will continue its review of the petition as required by Rule 4 and issue any further orders as necessary. If Petitioner fails to timely submit a response to this order, this matter will be dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that the motion to appoint counsel (Doc. 2) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Petitioner is granted until and including September 26, 2022, in which to show cause, in writing, why this matter should not be dismissed without prejudice for failure to exhaust state-court remedies.

**IT IS SO ORDERED.**

DATED:   This 25th day of August, 2022, at Kansas City, Kansas.

S/ James P. O'Hara

JAMES P. O'HARA
United States Magistrate Judge