**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**JUAN G. FRANCO-MONSERRATE,**

                **Petitioner,**

      **v.**                                      **CASE NO. 22-3177-JWL-JPO**

**STATE OF KANSAS,**

                **Respondent.**

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner's petition for writ of habeas corpus, which was filed on August 23, 2022. (Doc. 1.) Petitioner proceeds pro se. The same day the petition was filed, the Court issued a notice to Petitioner advising him that he was required to either pay the $5.00 statutory filing fee or submit a motion to proceed in forma pauperis within 30 days or risk dismissal of this action without further prior notice. (Doc. 3.) Over 30 days have now passed and Petitioner has neither paid the filing fee nor filed a motion to proceed in forma pauperis.

In addition, after undertaking a preliminary review of the petition, the Court issued a notice and order to show cause (NOSC) on August 25, 2022, explaining that this matter appeared to be subject to dismissal due to the failure to exhaust all available state court remedies. (Doc. 4.) The NOSC directed Petitioner to show cause in writing on or before September 26, 2022 why this matter should not be dismissed. *Id.* at 8. It advised Petitioner that if he "fails to timely submit a response to this order, this matter will be dismissed without further prior notice to

Petitioner." *Id.* That deadline has passed and Petitioner has filed no response to the NOSC. The only document Petitioner has filed is a motion to appoint counsel (Doc. 5), which will be denied as moot because Petitioner's failure to respond to the NOSC and his failure to comply with the notice of deficiency (Doc. 3) lead the Court to dismiss this matter without prejudice.

Federal Rule of Civil Procedure 41(b) allows the Court to dismiss an action "[i]f the plaintiff fails to prosecute or comply with these rules or a court order." Fed R. Civ. P. 41(b). Based on Petitioner's failure to show cause why this matter should not be dismissed, the Court could dismiss this matter under Rule 41(b). Additionally, in the absence of a response from Petitioner, the Court sees no reason to alter its earlier conclusion that this matter must be dismissed without prejudice for failure to exhaust state court remedies. (See Doc. 4.) Accordingly, the Court will dismiss this matter without prejudice.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability (COA) upon entering a final adverse order. A COA may issue only if the petitioner made a substantial showing of the denial of a constitutional rights. 28 U.S.C. § 2253(c)(2).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy

either prong requires the denial of a COA. *Id.* at 485.

The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is **dismissed without prejudice**. The motion to appoint counsel (Doc. 5) is denied as moot. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:  This 4th day of October, 2022, at Kansas City, Kansas.


S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge